UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| NANCY GRIFFIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>    Defendant. | No. EDCV 07-955 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Nancy Griffin ("Griffin") filed a Complaint on November 29, 2007. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on December 18, 2007, and March 20, 2008. The parties filed a Joint Stipulation ("Stip") on August 11, 2008, that addresses the disputed issues in the case. The Commissioner filed the certified administrative record ("AR"). The Court has taken the Joint Stipulation under submission without oral argument.

Having reviewed the entire file, the Court concludes that the decision of the Commissioner is affirmed.

///
///
///

# I.

## PROCEDURAL BACKGROUND

On March 17, 2004, Griffin filed an application for Supplemental Security Income (SSI) benefits. AR 53. The application was denied initially and on reconsideration. A.R. 31-33. Griffin filed a request for hearing on June 30, 2005. AR 52. On November 15, 2006, an Administrative Law Judge ("ALJ") conducted a hearing at which Griffin testified. A.R. 819-844. The ALJ issued a decision denying benefits on December 20, 2006. AR 8-17. On January 30, 2007, Griffin requested review of the decision. AR 7. The Appeals Council denied review on June 6, 2007. AR 4-6. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///
///
///
///

# III.

# EVALUATION OF DISABILITY

## A. Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Griffin has the following severe impairments: "a gastrointestinal disorder; a musculoskeletal disorder; and a mood disorder." A.R. 13. The ALJ further found that Griffin has the residual functional capacity "to do light work activity. Specifically, the claimant can occasionally lift and/or carry 20 pounds and frequently 10 pounds; she can stand and/or walk six hours in an eight-hour work day and sit for six hours; she is precluded from climbing ladders, ropes and scaffolds; she is limited to occasional stair climbing, balancing, stooping, kneeling, crouching and crawling; and she is limited to simple, routine, repetitive jobs in a non-public work setting." A.R. 14. The ALJ found that Griffin could not perform any past relevant work, but found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." A.R. 16.

## C. Treating Physician

Griffin argues that the ALJ failed to consider the opinions of a treating physician, Dr. Oliverio. (JS at 3-4.) The ALJ expressly mentioned 2005 medical records from New Millenium, where Dr. Oliverio works. A.R. 15. However, Griffin argues that the ALJ did not expressly address Dr. Oliverio's six forms during the period February 1999 through June 2000. (JS at 3-4); A.R. 156-161.

The ALJ stated that he "considered the complete medical history" even though SSI benefits are "not payable prior to the month following the month in which the application was filed" which, in this case, is March 17, 2004.[1] A.R. 11; *see Burkhart v. Brown*, 856 F.2d 1335, 1340 n.1 (9th Cir. 1988).

Griffin does not explain how the information contained in Dr. Oliverio's forms in February 1999 through June 2000 supports her application for benefits, except to assert that "Dr. Oliverio Jr. has established an opinion of disability regarding the Plaintiff's physical impairments, which have lasted for more than twelve months." (JS at 5.)

Dr. Oliverio diagnosed carpal tunnel syndrome in all six forms. A.R. 156-161. However, as the ALJ noted and Griffin does not dispute, Griffin subsequently had carpal tunnel surgery in July and September 2000 "and the medical records do not support that it was causing her any problems at the time of filing in January 2005."[2] A.R. 13. While the ALJ did not mention Dr. Oliverio by name, that is not required. As the Ninth Circuit succinctly stated in *Magallanes*: "It is true that the ALJ did not recite the magic words, 'I reject Dr. Fox's opinion about the onset date because . . . .' But our cases do not require such an incantation. As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

Dr. Oliverio's form in June 2000 diagnosed irritable bowel syndrome but did not identify any work restrictions associated with it.[3] A.R. 156. The ALJ noted Griffin's

---

[1] The court notes, as did the ALJ, that some records refer to a filing date of January 20, 2005. A.R. 11, 57. For purposes of this decision, Griffin is given the benefit of the earlier filing date of March 17, 2004.

[2] The ALJ cited Griffin's hearing testimony. AR 14. Griffin testified that the carpal tunnel release surgery stopped the pain in her wrists. A.R. 838. Her wrists are weak but she can lift a gallon of milk. A.R. 838-839. A gallon of milk weighs between eight and nine pounds. *See Davis v. Astrue,* 2008 WL 2566199, *12 (N.D. W. Va. 2008); *McCoy v. Astrue*, 2008 WL 565782, *2 n.2 (S.D. Ohio 2008).

[3] Dr. Oliverio diagnosed chronic diarrhea in three forms dated February through July 1999. A.R. 159-161. This period of time is less than one year. The work restriction during those months

complaints of irritable bowel syndrome. A.R. 14. The ALJ considered treatment records of Dr. Oliverio in 2005 and Loma Linda University in 2005-2006. A.R. 15. These records note abdominal pain, treatment with medication, and referral to Loma Linda University for evaluation. A.R. 15, 711-714, 715-718, 719-722. As the ALJ noted, her tests at Loma Linda University were normal. A.R. 15, 812, 814, 816. As the ALJ noted, Griffin was treated with routine conservative care. A.R. 15-16.

Moreover, Dr. Oliverio's reports in the February 1999 through June 2000 time frame do not support a conclusion of disability within the meaning of the Social Security Act. On each form, Dr. Oliverio assessed Griffin as being unable to perform full-time or part-time work. However, the form also asked, "[w]hat restrictions on activity would allow this person to work at some job either part-time or full-time?" A.R. 156-161. Dr. Oliverio responded either "no repetitive work with hands" (A.R. 156-158) or "has to go to bathroom every 1 ho[ur]" (A.R. 159, 161). Thus, Dr. Oliverio's opinion of disability did not take into account whether Griffin could perform substantial gainful activity with appropriate restrictions. Griffin argues that "Dr. Oliverio offered extensive treatment notes regarding [her] impairments and limitations." (JS at 6.) Griffin does not cite to the record, and no treating records for that time period are found in the record.

Accordingly, the ALJ did not err.

### D. **Treating Psychiatrist**

Griffin contends that the ALJ did not consider the opinion of Dr. Quy V. Tran, a treating psychiatrist. (JS at 7-8.) However, the ALJ expressly cited and considered Dr. Tran's "Mental Disorder Questionnaire" dated February 3, 2005 (A.R. 15, 516-520) and her treatment records in 2004 through February 3, 2005 (A.R. 15).

Griffin argues that the ALJ did not discuss the GAF rating of 45 that Dr. Tran assessed when he first treated Griffin on August 23, 2004. (JS at 7); A.R. 523. A GAF

---

was that Griffin had to be able to go to the bathroom every hour. A.R. 159, 161. Dr. Oliverio's subsequent forms in the period December 1999 through June 2000 do not contain that diagnosis. In addition, a diagnosis of plantar fascitis appears only on one form. A.R. 157.

5

is not determinative of mental disability for social security purposes. *See* 65 Fed. Reg. 50746, 50765 (August 21, 2000) ("[The GAF scale] does not have a direct correlation to the severity requirements in our mental disorder listings."). The ALJ's failure to reference a GAF score, standing alone, does not make his findings inaccurate. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) (rejecting argument that ALJ erred in failing to mention GAF score).[4]

The ALJ found that Griffin did not have moderate limitations in social functioning or concentration, persistence or pace. A.R. 13, 16. The ALJ relied on Dr. Tran's assessment that she had no problems with social functioning. A.R. 15, 519. The ALJ also relied on Dr. Tran's assessment that Griffin "claimed that she had poor concentration, but she is able to complete everyday household routines." A.R. 15, 519. As the ALJ noted, Griffin's everyday household routine is not easy in that she cares for two children, ages 12 and 16, who have mental illness; manages funds received from government benefits for the family; maintains the household; and drives a car without restriction. A.R. 14, 16. The ALJ found no evidence of decompensation. A.R. 13. To the extent that Griffin argues that Dr. Tran's GAF score on August 23, 2004 is inconsistent with Dr. Tran's questionnaire on February 3, 2005, a court must defer to the decision of the Commissioner when the evidence is susceptible of more than one rational interpretation. *Moncada*, 60 F.3d at 523. The ALJ did not err.

### E. Social Worker

Griffin argues that the ALJ did not properly consider the opinion of Ms. Soneela Alam, MSW (Master of Social Work) on a Medi-Cal Medical Necessity form dated August 16, 2004. (JS at 11 (citing A.R. 530).)

A social worker is not an acceptable source of medical evidence of an impairment. 20 C.F.R. § 404.1513(a), (d)(1). An ALJ may properly discount a social worker's opinion without satisfying the legal standards applicable to a treating physician.

---

[4] *See also McFarland v. Astrue*, 288 Fed. Appx. 357, 359 (9th Cir. 2008).

*Bunnell v. Sullivan*, 912 F.2d 1149, 1152-53 (9th Cir. 1990) ("there is no requirement that the Secretary accept or specifically refute such evidence" from a non-medical source), *rev'd on other grounds*, 947 F.2d 341, 348 (9th Cir. 1991).

However, Griffin argues that Ms. Alam should be considered a treating source because she was working under the supervision of Dr. Tran. (JS at 13.) The form itself does not indicate that Dr. Tran reviewed or approved Ms. Alam's assessment. A.R. 530. Dr. Tran indicated that he did not see Griffin until August 23, 2004. A.R. 520. Even assuming that Ms. Alam's Medi-Cal Medical Necessity form dated August 16, 2004 is deemed to be an opinion of Dr. Tran, that would merely create a potential conflict between that form and Dr. Tran's own report on February 3, 2005 discussed in Part III.D above. Ordinarily, because a physician's later opinion is based on a more complete evaluation of the claimant, the later opinion is accorded greater weight. *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995). In any event, a court must defer to the decision of the Commissioner when the evidence is susceptible of more than one rational interpretation. *Moncada*, 60 F.3d at 523. The ALJ did not err.

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.


DATED: December 22, 2008    /S/ ALICIA G. ROSENBERG
                            ALICIA G. ROSENBERG
                            UNITED STATES MAGISTRATE JUDGE